**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORION MARINE CONTRACTORS, INC., | No. 16-35919 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00151-SLG |
| v. | |
| CITY OF SEWARD, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 11, 2018
Anchorage Old Federal Building, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Orion Marine Contractors, Inc. contracted with the City of Seward for a

breakwater rock production project ("the Project") pursuant to a competitive bid

solicitation. Under the terms of the contract ("the Contract"), Orion had the option

of requesting early termination—an escape valve in case the Project turned out to

be uneconomical. Orion requested, and the City approved, early termination after

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Orion finished the Project's first phase. In light of early termination, the City paid Orion a fraction of its bid item for mobilization and demobilization ("mob/demob") costs. Orion brought this action seeking payment of the balance.

The district court granted summary judgment for the City, holding that Orion was entitled to only the amortized payments it had received for mob/demob before Orion invoked early termination. We review the district court's determination de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). Because the early termination provision's operation and the Contract's text and structure lead us to conclude that Orion is entitled to payment in full on its mob/demob bid item, we vacate the district court's judgment and remand for entry of judgment in favor of Orion.[1]

## I.

The Contract included four phases: a Base Bid phase and three Additive Amounts. It also included a termination-for-convenience provision—Addendum No. 3—that allowed Orion to request early termination after it completed the Base Bid phase. Addendum No. 3 accounted for the economic uncertainty around rock quarried from untested areas that were to be mined for the Project.

Orion won the Contract with a bid of $6,150,900, which included a Base Bid amount of $1,520,000. Included in the Base Bid was $873,000 for mob/demob for

---

[1] The City's motion to strike (Dkt. No. 19) is **GRANTED**.

2

the entire Project.

Section 01505 Part 4 of the Contract addressed payments for mob/demob. Part 4.1 had three sections: A, B, and C. Sections A and B provided for two amortized payments for mob/demob, the first when 4% (Section A) of the Project was completed, and the second when 8% (Section B) of the Project was completed. § 01505, pt. 4.1(A)–(B). Section C required payment of the remainder of the mob/demob bid item if the following condition was met: "The remaining balance of the amount bid for Mobilization and Demobilization will be paid after all submittals required under the Contract are received and approved." § 01505, pt. 4.1(C).

The City paid Orion $492,072 for its two amortized submittals, or approximately 56% of the $873,000 mob/demob bid item. Orion invoked early termination before seeking payment of the balance under Section C. The City accepted early termination, effective November 25, 2014.

**II.**

Termination-for-convenience releases a contractor from further performance by "permit[ting] a party . . . to unilaterally cancel its contractual obligations." 2 Philip L. Bruner and Patrick J. O'Connor, Jr., *Bruner & O'Connor on Construction Law* § 5:270 (1st ed. 2002) ("Bruner & O'Connor"). While early termination does not release a contractor from all contractual obligations, it does alter the "scope of

3

th[o]se obligations."[2] *Id.* § 5:271. Thus, the parties' required actions change when early termination is invoked. *See id.* The upshot is that the party invoking early termination "avoid[s] committing a breach of contract which would expose it to damages." *Id.* § 5:270.

With the operation of a termination-for-convenience provision in mind, we consider how Addendum No. 3 interacts with the Contract's other provisions. *See Monzingo v. Alaska Air Grp., Inc.*, 112 P.3d 655, 660–61 (Alaska 2005) (construing contractual terms under Alaska law by assessing "the language of the contract as a whole"); *see also Rockstad v. Glob. Fin. & Inv. Co.*, 41 P.3d 583, 586–87 (Alaska 2002) (instructing courts to "interpret the terms of the [contract] harmoniously, avoiding those interpretations that cause conflicts among the provisions"). Early termination limited Orion's performance obligations "under the Contract" to the Base Bid phase. Section 01505 entitled Orion to full payment of its mob/demob bid item upon remitting "all submittals required under the Contract" to the City. § 01505, pt. 4.1(C). Because early termination cancelled Orion's obligations beyond the Base Bid phase, the submittals "required" of it were correspondingly limited. Accordingly, if Orion remitted all submittals required to close out the

---

[2] The City concedes that early termination modified what was required of the parties under the Contract, acknowledging that a "termination for convenience clause changes what the contract requires by cutting off all post-termination obligations."

Contract in light of early termination, it is entitled to full payment on its mob/demob bid item.[3]

It is undisputed that after the City approved Orion's request for early termination, the City sent Orion a list of submittals that were, in the City's words, "*required* prior to final payment request." It is also undisputed that Orion remitted all of those "required" submittals and that the City accepted those submittals. Thus, in light of the early termination's effect on Orion's performance obligations, we find that Orion remitted to the City "all submittals required under the Contract." *See* § 01505, pt. 4.1(C). And because those submittals were "received and approved" by the City, we hold that Orion satisfied the condition precedent to receiving full payment on its mob/demob bid item. *See id*.

The City argues that another contractual provision, § 14.4, precludes full payment under § 01505. We disagree. Section 14.4 addressed additional payments

---

[3]    The Alaska Supreme Court's decision in *Quality Asphalt Paving, Inc. v. Department of Transportation and Public Facilities*, 71 P.3d 865 (Alaska 2003) is inapposite because it does not address the question presented here. There, the court rejected full mob/demob payment under early termination where payment was conditioned on the contractor "perform[ing] all the work and labor required in the construction project." *Id.* at 870. The condition precedent was therefore completion of all work necessary *to finish the project*. *Id.* Here, by contrast, the condition precedent is "all submittals required under the Contract," irrespective of whether the Project is completed. As explained, the City's acceptance of Orion's early termination pursuant to the Contract changed which submittals were "required under the Contract."

5

owed in the event of early termination. It did not purport to supersede or displace other payment terms in the Contract. In fact, § 14.4 expressly contemplated payment pursuant to other contractual provisions. For example, § 14.4.3(c) provided that "reasonable costs of settlement" in the event of early termination shall be paid only "to the extent that these costs have *not been covered under payment provisions of the Contract*"—one of which was § 01505. § 14.4.3(c) (emphasis added). In other words, Orion may be entitled to *both* early termination costs under § 14.4 *and* payment under other provisions of the Contract, as applicable, so long as the resulting payment does not amount to double recovery.

Neither party argues that full payment of Orion's mob/demob bid item under § 01505 was already paid as part of a "reasonable cost[] of settlement" under § 14.4.3(c). Thus, § 14.4.3(c)'s concern with double recovery is not triggered, and Orion is entitled to full payment under § 01505 if it satisfied the criteria set forth in *that* provision. For the reasons set forth above, we hold that it did.

**VACATED** and **REMANDED.**

Costs are awarded to the Appellant.

6